UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

JASON HOOD,

        Plaintiff,                      Case No. 1:06-cv-589

v.                                           Honorable Gordon J. Quist

PATRICIA CARUSO et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) (PLRA), "no action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Because Plaintiff has failed to demonstrate exhaustion of available administrative remedies, I recommend that Plaintiff's complaint be dismissed without prejudice.

### Discussion

    I.    Factual allegations

Plaintiff presently is incarcerated at the Bellamy Creek Correctional Facility, but the events giving rise to his complaint occurred while he was incarcerated at the Standish Maximum Correctional Facility (SMF). In his *pro se* complaint, he sues the following SMF employees: Dr. Joseph R. Burtch; Physician Assistant S.H. Heebsh; Health Unit Manager K. Peters; and Nurses K. Wright, Michelle Horton, John Doe #1 and John Doe #2. He also sues Michigan Department of

Corrections (MDOC) Director Patricia Caruso; Chief Medical Officer George Pramstaller; Health Care Administrator Richard D. Russell; Prisoner Affairs Director Jim Armstrong; and Dr. (unknown) Ivans.

Plaintiff claims that he was denied proper medical treatment in violation of his Eighth Amendment rights. Plaintiff claims that on April 20, 2004, two corrections officers at SMF bent both of his wrists back with extreme force, causing severe injuries to his wrists, hands, fingers, arms, elbows and shoulders. According to Plaintiff, his wrists, hands, fingers and arms were severely bruised and swollen. Over the next several months, Plaintiff sent numerous "kites" to the health care staff requesting treatment for his injuries. On April 26, 2004, Plaintiff was examined by Nurse John Doe #1, who denied him adequate medical care and refused to refer him to a doctor. Plaintiff was examined by Nurse John Doe #2 on May 18, 2004. Plaintiff claims that while his wrists, hands, fingers and arms remained visibly bruised and swollen, John Doe #2 also denied him medical care or a referral. Two days later, on May 20, Plaintiff was examined by Physician Assistant Heebsh. Plaintiff states that he argued with Heebsh about her improper examination of his injuries, which caused the appointment to be cancelled. Plaintiff claims that on May 21, 2004, at 6:30 p.m., he "lost control of his mental capacity and became very mental [sic] and emotionally disturb [sic] and had to be put on observation for several days because of all the severe pain and numbness and because he was being denied adequate medical care . . ."

Plaintiff was seen by Physician Assistant Heebsh for a second time on May 28, 2004. Heebsh ordered bilateral hand X-rays due to Plaintiff's ongoing complaints, although Plaintiff asserts that the X-rays did nothing to help his condition. On October 6, 2004, Plaintiff was examined by Dr. Burtch. Plaintiff alleges that his wrists, hands and fingers were still severely

bruised and he was experiencing numbness and limited mobility in his fingers. Plaintiff claims that Dr. Burtch "denied" his injuries and prescribed him a low dose of Tylenol, which was not effective in controlling his pain. On or about May 12, 2005, Defendant Burtch submitted a request for Plaintiff to receive physical therapy for his left hand. On June 1, 2005, Dr. Ivans denied the request for physical therapy and stated that an exercise plan would be appropriate for Plaintiff's care. Plaintiff maintains that he never received an exercise plan. On January 27, 2006, X-ray results showed tendinitis, for which Plaintiff did not receive follow-up care. Subsequent EMG results allegedly revealed nerve damage in Plaintiff's left elbow.

As a result of Defendants' denial of medical treatment for the injuries he sustained on April 20, 2004, Plaintiff claims that he suffers from the following physical impairments:

(A) Both wrist bones are <u>severely torn</u> out of normal place. Still very unstable and possibly broken.

(B) Both ring finger knuckles are <u>severely torn</u> apart from my middle finger knuckles and possibly broken as well.

(C) I am now <u>totally</u> unable to abduct my ring finger and middle finger on both hands and when I try to, it cause my wrist bone to stick out even more.

(D) All my muscles, ligaments, tendons, nerves, veins, and all other tissues in my hands, fingers, wrists, arms, elbows and shoulders are <u>severely torn and damaged</u> and as a result of this bad tear, both my arms and elbows are now twisted around out of normal place with constant bone popping.

(E) I have now lost normal use of my hands, fingers, and arms on both side [sic] and I cannot lift heavy weight like I used to. I am no longer left handed except for writing, the pain and numbness is still very intense. <u>My condition is very critical</u> and my daily activity is significately [sic] affected from this injury.

(F) Prior to this injury to my wrists, everything was in perfect condition with no complaint at all.

(G) The plaintiff is also suffering from severe mental and emotional anguish as a result of his wrist injuries.

(Compl., § 22, docket #1) (emphasis in original.)  For relief, Plaintiff seeks compensatory damages of $500,000 and punitive damages of $500,000 from each of the Defendants.

## II.  Lack of exhaustion of available administrative remedies

Plaintiff has failed sufficiently to allege and show exhaustion of available administrative remedies.  Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001).  The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought.  *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741. A district court must enforce the exhaustion requirement *sua sponte*.  *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).

A prisoner must allege and show that he has exhausted all available administrative remedies and should attach to his § 1983 complaint the administrative decision disposing of his complaint, if the decision is available.[1]  *Brown*, 139 F.3d at 1104.  In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome so that the Court may determine what claims, if any, have been exhausted.  *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000).  In addition, a prisoner must specifically mention the involved parties in the grievance to alert the prison officials to the problems so that the prison has a chance to address the claims before they reach federal court.  *Bell v. Konteh*, 450 F.3d 651, 653 (6th Cir. 2006); *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001); *Vandiver v. Martin*, No. 02-1338,

---

[1]To assist prisoners in meeting this requirement, this Court advises prisoners to attach copies of documents evidencing exhaustion in its form complaint.  The form complaint, which is required by local rule, is disseminated to all the prisons.  *See* W.D. MICH. LCIVR 5.6(a).  Plaintiff has chosen to forego use of the form complaint in this action.

2002 WL 31166925, at *2 (6th Cir. Sept. 27, 2002) ("The issues plaintiff may raise, and the defendants he may name, in his lawsuit are limited to the specific issues raised, and the specific individuals mentioned, in his grievance.").

Plaintiff filed two grievances concerning his claims. His first Step I Grievance (SMF 04-05-0953-12d) did not specifically mention any of the Defendants named in this action. In his second grievance (SMF 05-05-0947-12e), Plaintiff specifically mentioned Defendants Peters, Heebsh and Burtch. Plaintiff appealed his grievance to Step III. Assuming Plaintiff could not specifically mention the two John Doe nurses because he did not know their names, he failed to identify the nurses in his grievances or make any allegations regarding nurses who failed to provide him with proper medical treatment on April 26 and May 18, 2004. Plaintiff, therefore, failed to place prison officials on notice of his claims against the John Doe nurses. Consequently, Plaintiff exhausted his medical claim against Defendants Peters, Heebsh and Burtch, but failed to exhaust his claim against the remaining Defendants.

Because Plaintiff's complaint is a "mixed complaint," alleging both exhausted and unexhausted claims, the Court must now determine whether to dismiss the entire action pursuant to the "total exhaustion" rule or to dismiss only the unexhausted claims pursuant to the "partial exhaustion" rule. In *Jones Bey v. Johnson,* 407 F.3d 801, 807 (6th Cir. 2005), the Sixth Circuit addressed whether § 1997e(a) requires a "mixed complaint" to be completely dismissed for lack of exhaustion. The same issue had been reserved by the court five years earlier in *Knuckles El*, 215 F.3d at 642 ("[w]e reserve to another day the question of whether exhausted claims in a 'mixed' complaint should be addressed when such claims otherwise meet the pleading requirements or whether such a complaint should be dismissed in its entirety."). The *Jones Bey* panel adopted the total exhaustion rule in a 2-to-1 decision. The *Jones Bey* majority relied heavily on the plain

language of the statute, which states that no "civil action" shall be brought in federal court, rather than no "claim." *Jones Bey,* 407 F.3d at 807; *see also* 42 U.S.C. § 1997e(a). In addition, the majority held that the total exhaustion rule was consistent with the policies underlying the PLRA. *Id.* at 807-08. The Court further noted that two other circuits, the Eighth Circuit and the Tenth Circuit, have also adopted the total exhaustion rule. *Id.* at 806.

In reaching their decision, the *Jones Bey* majority noted that the Sixth Circuit's previous cases addressing PLRA exhaustion were somewhat inconsistent, which resulted in a split among the district courts, on the "total/partial" exhaustion question. *Id.* The majority expressly rejected the argument made by the dissent that the issue had been decided to the contrary in *Hartsfield v. Vidor*, 199 F.3d 305, 310 (1999). *Jones Bey*, 407 F.3d at 806-07. In *Hartsfield*, the plaintiff's complaint alleged misconduct by five prison officials; however, the plaintiff only exhausted his administrative remedies against three defendants. *Hartsfield*, 199 F.3d at 308-10. Without addressing the issue of total exhaustion, the Sixth Circuit held in *Hartsfield* that the exhausted claims could be addressed on the merits while the unexhausted claims could be dismissed without prejudice. *Hartsfield*, 199 F.3d at 310. In addition to the fact that the *Hartsfield* panel did not discuss the total/partial exhaustion issue, the *Jones Bey* majority noted that the author of the *Hartsfield* decision also authored the subsequent decision of *Knuckles El*, 215 F.3d at 642, in which the Court "reserve[d] for another day" the question whether mixed complaints should be dismissed in their entirety. *Id.* at 806-07.

Recently, a panel of the Sixth Circuit held that *Hartsfield,* not *Jones Bey* is the law of the Circuit. *See Spencer v. Bouchard*, 449 F.3d 721 (6th Cir. 2006). With regard to the *Jones Bey* decision, the *Spencer* panel stated:

> We are therefore confronted with an issue that has recently vexed this court: when a prisoner submits a mixed complaint, do we apply a rule of partial exhaustion that permits his exhausted claims to proceed or a rule of total exhaustion that requires the entire complaint to be dismissed? We faced a similar situation in *Hartsfield v. Vidor,* 199 F.3d 305 (6th Cir. 1999). There, the prisoner had exhausted his Eighth Amendment claim against three defendants but had failed to exhaust his claim against two others. *Id.* at 309. We dismissed without prejudice the unexhausted claims and reached the merits of the exhausted claims. *Id.* at 309-10.
>
> . . .
>
> A panel of this court recently seized upon the implicit nature of this [*Hartsfield*] holding in deeming the issue "an open question in this circuit" even after *Hartsfield.* [*Jones*] *Bey v. Johnson,* 407 F.3d 801, 805 (6th Cir.2005), *petition for cert. filed,* 74 U.S.L.W. 3424 (U.S. Jan. 9, 2006) (No. 05-874). It then purported to "definitively answer" the question by requiring the total dismissal of mixed complaints. *Id.; accord Rinard v. Luoma,* 440 F.3d 361, 363 (6th Cir. 2006). The *Bey* panel was apparently unaware, however, that we had already explicitly reaffirmed *Hartsfield*'s implicit partial-exhaustion holding *two years before Bey* was decided. In *Burton v. Jones,* we explained that "the *Hartsfield* holding illustrates that a prisoner's lawsuit, which alleges multiple claims against multiple defendants, is not vulnerable to dismissal under § 1997e(a) simply because the prisoner has failed to exhaust a particular claim as to a specific defendant." 321 F.3d at 574 n.2. In other words, there was no need for *Bey* to "definitively answer" the question, as *Hartsfield* and *Burton,* taken together, had already done so.

*Spencer*, 449 F.3d at 726. The court stated that "[b]ecause *Hartsfield* and *Burton* were decided before *Bey,*" the partial-exhaustion rule is necessarily the law of the Sixth Circuit. *Id.* The same three Judges who were on the *Spencer* panel issued a subsequent decision relying on *Spencer* to reverse the district court's application fo the total exhaustion rule. *See Bell v. Konteh,* 450 F.3d 651 (6th Cir. 2006).

Where the Court of Appeals has allowed two conflicting lines of cases to develop, it can only cause confusion in the trial courts which must, of course, choose one of the two to follow. I find that *Spencer* and *Konteh* are without precedential value under the Sixth Circuit's own rules, and thus am constrained to respectfully recommend that this Court continue to follow the Sixth Circuit's decision in *Jones Bey.* Under Sixth Circuit Rule 206(c), a "prior decision [of a Sixth

- 7 -

Circuit panel] remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or [the Sixth Circuit] sitting en banc overrules the prior decision." *United States v. Yoon*, 398 F.3d 802, 806 (6th Cir. 2005) (citing *Darrah v. City of Oak Park*, 255 F.3d 301, 309-10 (6th Cir. 2001) (discussing the effect of published opinions by previous panels)); *see also United States v. City of Detroit*, 401 F.3d 448, 452 (6th Cir. 2005); *Beck v. Haik*, 377 F.3d 624, 635 (6th Cir. 2004) ("[A] panel of this [c]ourt cannot overrule the decision of another panel."); *Valentine v. Francis*, 270 F.3d 1032, 1035 (6th Cir. 2001) ("[c]ourt en banc consideration is required to overrule a published opinion of the court." (quoting 6TH CIR. R. 206(c)).

In this case, the prior decision is *Jones Bey*, not *Hartsfield*. As stated above, *Jones Bey* held that a "mixed complaint" must be completely dismissed for lack of total exhaustion. Both the opinion and ruling of the *Jones Bey* panel addressed the issue head-on, and the decision to follow the total exhaustion rule is unequivocal. *Hartsfield,* on the other hand, neither explicitly addressed (*see Jones Bey, supra*), nor intended to explicitly address (*see Knuckles El, supra* at 642) the total exhaustion rule. *Burton v. Jones, supra,* the remaining case relied upon in *Spencer* as necessary to its assertion that precedent existed regarding this issue prior to *Jones Bey, supra,* only mentions the total exhaustion issue in passing, as *dicta*, in a footnote. The footnote was not necessary to a resolution of *Burton v. Jones.*

Moreover, on a slightly different but equally persuasive note, the question of whether issues which lurk in the record, but are not explicitly ruled on, even could constitute precedents, had already been decided in the negative before the *Spencer* decision was rendered. *See Rinard v. Luoma,* 440 F.3d 361, 363 (6th Cir. 2006). In *Rinard*, the court explicitly stated that *Hartsfield* did not decide the partial exhaustion issue:

> Today we make clear that <u>we continue to subscribe to the long-held standard that '[q]uestions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents.'</u> *Nemir v. Mitsubishi Motors Corp.,* 381 F.3d 540, 559 (6th Cir. 2004) (quoting *Webster v. Fall,* 266 U.S. 507, 511, 45 S.Ct. 148, 69 L.Ed. 411 (1925)). Thus, although the total/partial exhaustion question lurked amid the record in *Hartsfield,* that case did not address nor decide the issue so as to be binding upon this court. By contrast, *Jones Bey* definitively answered the question presented here and we now follow it.

*Id.* (emphasis added). In light of *Rinard v. Luoma,* it is difficult to understand how the appellate court in *Spencer* could subsequently cobble together a decision where the issue only "lurked" (*see Hartsfield, supra*), together with *dicta* contained in a footnote to another case (*see Burton v. Jones, supra*), and consider the sum of the two to constitute precedent. This ruling redefines the <u>process</u> of arriving at a precedent, as described in *Rinard* and the cases cited therein, and appears to be contrary to Rule 206(c) for this reason, as well as because it sought to overrule *Jones Bey* on the issue of total exhaustion.

For all of these reasons, this Court must necessarily follow the precedent set by *Jones Bey* until and unless the Supreme Court of the United States[2] or an *en banc* panel of the Sixth Circuit determines that the partial exhaustion rule applies to prisoner civil rights actions.

Because the exhaustion requirement is no longer discretionary, but is mandatory, the Court does not have the discretion to provide a continuance in the absence of exhaustion. *See Wright v. Morris*, 111 F.3d 414, 417 (6th Cir. 1997). Rather, dismissal of this action without prejudice is appropriate when a prisoner has failed to show that he exhausted available administrative remedies. *See Brown*, 139 F.3d at 1104; *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997). Dismissal for failing to exhaust available administrative remedies does not relieve a

---

[2]The Supreme Court has granted certiorari to resolve the partial/total exhaustion issue. *Williams v. Overton,* 126 S. Ct. 1463 (2006); *Jones v. Bock,* 126 S. Ct. 1462 (2006).

plaintiff from payment of the civil action filing fee. *Smeltzer v. Hook*, 235 F. Supp. 2d 736, 746 (W.D. Mich. 2002) (citing *Omar v. Lesza*, No. 97 C 5817, 1997 WL 534361, at *1 (N.D. Ill. Aug. 26, 1997)). Accordingly, the Court should dismiss Plaintiff's action without prejudice.

## Recommended Disposition

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's action be dismissed without prejudice because he has failed to show exhaustion as required by 42 U.S.C. § 1997e(a). I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

Dated:  October 2, 2006              /s/ Hugh W. Brenneman, Jr.
                                     Hugh W. Brenneman, Jr.
                                     United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).